Green, J.
delivered the opinion of the court.
The deed from Armstrong to Brown, vested in the latter the entire right to the land, and nothing remained- to . make the- legal title complete in him against all the world, but the probate and registration of the deed. As between parties,.this deed was valid without registration. By virtue of it, an inchoate legal title was vested, in Brown, and so far as his creditors are concerned, *177 he must be regarded as the legal owner; for the legal , . . . ’ j- r estate is vested m the bargainee, upon the execution of the deed. 2 Saund. on Uses, 5. Brown was present at the sheriff’s sale, divided the land into lots, and directed which should be sold first, thereby claiming it as his. The sheriff’s deed conveyed all Brown’s right to the 1100 acres to M’Nairy. It was Brown’s duty to have delivered to him the title papers, of to have registered the deed from Armstrong to himself. He did not do so, but suppressed the deed, and Yance, himself, and Armstrong entered into a fraudulent combination by which to defeat M’Nairy of his right. The deed being suppressed, and its registration prevented by a fraud, to which Yance was a party, as to him it shall be taken as though it were registered. 2 Call, 198. It is admitted Vance gave no consideration for the deed from Armstrong to him. It was made at the request of himself and Brown, for the consideration Brown had paid Armstrong. Yance was fully apprised of the sheriff’s sale, and of. M’Nairy’s right. In procuring the deed to himself for M’Nairy’s land, and suppressing the one to Brown, he was guilty of a fraud, which as against M’-Nairy vitiates his own deed; and hence the jurisdiction of this court, to decree out of him, whatever title he may have acquired by the deed from Armstrong, and to vest it in M’Nairy. 1 Hawks, 87. The sheriff’s levy dotes not describe the land so specially as it might have done; but as Brown was on the land at the time of sale, with a plat, dividing it into three lots, and designating the one to be sold, every benefit to be derived from the most special levy, was hereby attained. The owner knew precisely what was offering for sale, and the bidders saw delineated on the plat the land they were purchasing. "We think too, that the levy so describes the land as to distinguish it from all other tracts. The same specialty of description is not necessary here, where a deed from the sheriff constituting the purchas *178 er’s title, follows the sale, as would be required were the title to rest upon the levy. We therefore affirm the decree of the chancellor.
Decree affirmed.